IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

TYLER; DIVISION

------------------------------------x
Jerrodrick Campbell,                :
    Pro se Petitioner,             :
        -v-                         :
Bobby Lumpkin, Director             :   Civil Action No. 6:21CV162 JDK/KNM
Texas Department Of Criminal        :
Justice Correctional Insti-         :
tutional Division, Respondent.      :
                                    :
------------------------------------x

## Petition For Federal Writ Of Habeas Corpus §2241

To The Honorable Judge Of Said Court:

    COMES NOW, Jerrodrick Campbell, Pro se Petitioner, herein styled petition in the above numbered and styled civil action, and move this Court to issue federal habeas corpus pursuant to 28 USC § § 2241(a), and 2241(c)(3), thereby arming the court with the proper Jurisdiction [r]equisite to award the writ of habeas corpus, and providing relief for [v]iolation(s) of the United States Constitution and its Federal Law. 28 USC §2241.

    Furthermore, case law has permitted, (under the traditional habeas corpus statute §2241), challenges to the [e]xecution of a sentence. See Davis v. Fechtel, 150 F.3d 486 (5th Cir. 1998); Orellana v. Kyle, 65 F.3d 29 (5th Cir.); In re Cain, 137 F.3d 234 (5th Cir. 1998); U.S. v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Simon v. U.S., 359 F.3d 139 (2nd Cir. 2004).

    Moreover, in support of his request for federal habeas relief, peti-

tioner [w]ill show clear and convincing [e]vidence that; (1) Respondent [do not] have [l]awful custody of Petitioner; (2) that it is unlawful, under the United States Constitution and the Due Process Clause of the 14th Amendment, for Respondent to [p]hysical[l]y imprison him in [a]ny manner; and that Petitioner will continue to be [i]rreparably injured without immediate relief from this Court, to wit:

<u>Preliminary Statement</u>

This Petition conforms to Fed.Crim. Code and Rules, <u>Rule 2(a)(c)</u> Petition. Also, Petitioner's submission of duplicates [i]s [a]dmissible under Fed.Civ.Proc. Rules; <u>Rule 1003</u>. This rule finds support in, <u>Myrick v. U.S.</u>, 332 F.2d 279 (5th Cir.); <u>Johns v. U.S.</u>, 323 F.2d 421 (5th Cir.); see also, <u>Sauget v. Johnson</u>, 315 F.2d 816 (9th Cir.). As stated in, <u>Arias v. Rogers</u>, the [v]ery [purpose] of habeas corpus [i]s to test the [l]egali[ty] of custody. 676 F.2d 1138, 1142 (7th Cir.). Cited as, <u>Dickerson v. Lousiana</u>, the Court [h]eld that "Petitions" brought under <u>28 USC §2241</u> [a]pplie(s) to persons "in custody, regardless of whether 'final judgement' has been rendered." 816 F.2d 220, 224 (5th Cir. 1987); see also, Note 3; cited as, <u>Sanchez</u>, 258 F.Supp.2d 655 (S.D. Tex. 2003); <u>U.S. v. Tootle</u>, 65 F.3d at 383. Also, it has been long [h]eld that, challenges to an individual "custody" can [o]nly be brought under the traditional habeas provision. See <u>In re Keeler</u>, Dist.Ct.; D.Ark., 1843 U.S. Dist. Lexis 48; F.Cas. 173; <u>In re Martin</u>, Cir.Ct.; S.D.NY, 1866 U.S.App. Lexis 325; 16 F.Cas. 875; <u>In re McDonald</u>, Dist.Ct.; E.D.MO, 1861 U.S. Dist. Lexis 69; 16 F.Cas. 17; <u>U.S. ex.rel.</u> standing <u>Bean v. Crook</u>, Cir. Ct.; D.NE; 1879 U.S.App. Lexis 1667; 25 F.Cas. 695; See, <u>Rasul v. Bush</u>, 542 U.S. 466; 124 S.Ct. 2686; 28 USC §2241(c)(3); <u>Chatman-Bey v. Thornburgh</u>, 864 F.2d 804, 807 (D.C. Cir. 1988)(en banc)("Habeas [i]s... a fundamental safegaurd [a]gainst [un]lawful custody.")(Quoting Justice Harlan's dissent.) in <u>Fay v. Noia</u>, 372 U.S. 347, 449, 83 S.Ct. 822 (1963); <u>Monk v. Secretary of</u>

the Navy, 793 F.2d 364, 366 (D.C. Cir. 1986)("In [a]dopting the federal habeas corpus statute, [C]ongress determined that habeas corpus [i]s [the] appropriate federal remedy for a prisoner who [c]laims that he is "in custody" in violation of the United States Constitution...").

Finally, Petitioner request that the court permit his application for federal habeas relief, to proceed as an application Pursuant to 28 USC §2241(c)(3).

## Authority

The Court's authority to issue Writ of Habeas Corpus, [i]s [e]xpressly confirmed in the "All Writ Act" pursuant to Fed.Civ.Jud.Proc.R, 28 USC §§ 1651(A), 2241(a).

## Jurisdiction

Jurisdiction is authorized Pursuant to 28 USC §2241(d), whereas, Petitioner is "in custody" within this Court's Jurisdiction of, Tyler, Texas, Anderson County, Texas.

## Issue(s) For Review

- Violation of Rule 11 Governing Guilty Pleas;
- Lesser-Included Offense;
- Insufficient Factual Basis For Guilty Plea;
- Insufficient Evidence/Proof Issues/Reasonable Doubt;
- Ineffective Assistance of Counsel.

## Brief Summary

Petitioner was indicted for the offense of capital murder alleged to have happened on or about July 27, 2008. [Exhibit A]. On August 1, 2008, a complaint was filed by the Assistant District Attorney on the allegations that Petitioner cause the death of the victim, in the course of [a]ttempting to commit robbery; and that the Petitioner used a deadly

weapon, to wit: a knife in the commission of the offense as a party. See [Exhibit B].

On the 5th day of February, 2010, in open court, petitioner, with the assistance of counsel, plead guilty to the indictment, Count 2, paragraph (3) Murder. See [Exhibit C, Page 8, Lines 15-18]. The Court accepted Petitioner's guilty plea, and assessed punishment to 35 years in the Institutional Division of the Texas Department of Criminal Justice. [Exhibit C, Page 8, Lines 22-25]. The State offered Petitioner's plea admonishment as State evidence. See [Exhibit C, Page 8, Lines 9-10] & [Exhibit D]. This Petition for federal habeas corpus pursuant to 28 USC §2241 is to challenge the execution of Petitioner's sentence is as follows:

Petitioner's Contention To State

Court Procedural/Proceedings

(GROUND ONE)

- Violation of Rule 11 Governing Guilty Pleas:

Petitioner's first contention is that, the sentencing court failed to [a]dequately apprise him of the [n]ature, (elements) and the relevant law of the charge to which he plead guilty. See [Exhibit C, Page 1-10].

(GROUND TWO)

Petitioner's second contention is that, he was [n]ot properly [a]dvised by the [t]rial [c]ourt of the [m]andatory minimum sentence of the offense Petitioner plead to carried. See [Exhibit C, Page 1-10].

(GROUND THREE)

Petitioner contends next that, his guilty plea was [n]ot [k]nowingly and [v]oluntarily made because, he did not have a complete understanding of the consequences of pleading guilty. See [Exhibit C, Pages 1-10]

(GROUND FOUR)

Petitioner contends also that, he was not properly informed by the

trial court, of a lesser-included offense. See [Exhibit C, 1-10].

(GROUND FIVE)

- Lesser-Included Offenses:

Petitioner contends next that, as a [c]ondition of his guilty plea, and, as a [d]uty upon the trial court, he was denied Due Process by the court, failed to sentence him to a Lesser-Included Offense of Deadly Conduct, instead of Capital Murder, or a lesser sentence. See [Exhibit A, Count two, paragraph three).

(GROUND SIX)

- Ineffective Assistance of Counsel:

Petitioner also contends that, counsel's performance was deficient, and prejudicial, in that, counsel failed to [c]orrect[ly] [a]dvise him of the mandatory minimum sentence he could have received, based upon, on̥as a condition of the court's [a]cceptance of his guilty plea. See [Exhibit (C) and (D).

Moreover, counsel rendered ineffective assistance of counsel by her complete failure to move for dismissal of Petitioner's multiplicit indictment. Pretrial prejudiced petitioner of a plausible line of defenses, and possibly a lesser offense.

(GOUND SEVEN)

Petitioner contends that, his guilty plea was not knowingly, intelligently, and voluntarily, Because the trial court failed to properly apprise Petitioner in [o]pen court of a provision waiving his right to appeal his conviction and sentence; nor did the trial court discuss the [e]lements of the charged crime with Petitioner. See [Exhibit C, Pages 1-10].

(GROUND EIGHT)

- Insufficient Factual Basis For Acceptance of Plea:

Furthermore, Petitioner contends that he was prejudiced by the trial court's acceptance of his guilty plea, without providing a sufficient factual basis in the plea proceeding that [c]learly reflect the evidence it relied upon. See [Exhibit C, Pages 1-10].

(GROUND NINE)

Conversely, Petitioner contends that the trial court abused its discretion by not electing to order the prosecution to dismiss the remaining counts of Petitioner's murder indictment. See [Exhibit C, Pages 1-10]. There was insufficient evidence that Petitioner used and exhibited a deadly weapon, to wit: a knife. See [Exhibit A, Count Three, Paragraph Two, and Paragraph Two of Count Four].

Arguments And Authorities

- Rule 11 Governing Guilty Pleas:

Under Rule 11(a) of the Federal Rules of Criminal Procedure, a defenant may plead guilty or not guilty. See, U.S. v. Gonzalez-Alvarez, 277 F.3d 73, 79-80 (1st Cir. 2002). With particular notice that a plea [e]ncompass[es] admission of factual elements, even those not [p]recisely known to the defendant. Id. See also, U.S. v. Broce, 488 U.S. 563, 570 (1989).

However, before [a]ccepting a plea of guilty, a judge [m]ust address a defendant "personally" in open court to inform him of, and, determine that he understands, See Rule 11(b)(1), (1) the nature of the charge to which he is pleading to. See Fed.R.Crim.Proc. 11(b)(1)(G). See also, U.S. v. Cruz-Rivera, 357 F.3d 10, 13 (1st Cir. 2004); Frederick v. Warden Lewisburg Corr. Facility, 308 F.3d 192, 197 (2nd Cir. 2002); [a]ny minimum penalty, Fed.R.Crim.Proc. 11(b)(1)(I), See also, U.S. v. Dejesus-Abad, 263 F.3d 5, 8 (2nd Cir. 2001); U.S. v. Tyndale, 209 F.3d 1292, 1295 (11th Cir. 2002); and [a]ny maximum "possible" penalty, Fed.R.Crim.Proc. 11(c)(1)(H). See also

U.S. v. Alber, 56 F.3d 1106, 1109-10 (9th Cir.). Moreover, the terms of a plea agreement [m]ust be disclosed to the judge [i]n "open court" when the plea is offered, [i]rrespective of fear, or dissatisfaction. See Walters v. Harris, 460 F.2d 988, 933 (4th Cir.); U.S. v. Hernandez, 79 F.3d 1193, 1195 (D.C. Cir.).

Nonetheless, several federal constitutional rights are waived [w]hen a guilty plea is entered. U.S. v. Suarez, 155 F.3d at 524, thus, it [m]ust be done knowingly, intelligently, and voluntarily. See U.S. v. Padilla, 23 F.3d at 1221; U.S. v. Gigot, 147 F.3d at 1197; U.S. v. U.S. v. Fernandez, 205 F.3d at 1024. Federal Rules of Criminal Procedure Rule 11, provides that, "before" accepting--a plea of guilty, the court [m]ust address the defendant personally in open court, Wilkins, 145 F.3d at 1015; U.S. v. Padilla, 23 F.3d at 1221; U.S. v. Gigot, 147 F.3d at 1197, and inform the defendant of, and determine that the defendant [u]nderstand(s): (1) the nature of the charge to which the plea is offered; (2) the mandatory [minimum] penalty provided by law; and (3) any [m]aximum possible penalty provided by law, including the [e]ffect of [a]ny "special" parole, or supervised release term; (4) [a]ny applicable sentencing guidlines; and, that the court [m]ay also order the defendant to make restitution to any victim of the offense... Fed.R.Crim.Proc. 11(c)(1), Id. The court should find upon review, provided that a hearing is required, that the trial court failed to [a]dequately apprise him of [a]ny [m]andatory minimum or maximum penalty provided by law. See [Exhibit C, Pages 1-10]. And failed to properly apprise him of the [n]ature (elements) of the charge to which he plead guilty. See, [Exhibit C. Pages 1-10]. Nothing in the proceedings remotely suggest that the trial judge considered whether Petitioner understood the [n]ature of the charge, let alone the elements necessary for the court to [a]ccept the plea. See, [Exhibit C, Pages 1-10]. The trial judge did no

more than ask if Petitioner read and discussed the indictment with his attorney. See, [Exhibit C, Page 6, Lines 5-7]; [Exhibit C, Page 6, Lines 13-15];[Exhibit C, Page 7, Lines 3-7]; [Exhibit C, Page 7, Lines 8-11]. The record also shows that, at no time did the trial court [e]xplain to Petitioner his possible defenses to the [c]harge(s) [a]gainst him, such as, Negligent Homicide, or Deadly Conduct as a lesser-included offense. See [Exhibit C, Pages 1-10].

Furthermore, the record does not establish that Petitioner [p]ossessed the required "understanding" of the law in relation to the facts and proceedings. See, [Exibit C, Pages 1-10], compare, Wilkins, 145 F.3d at 1012. In conclusion, the court must find in the light of the evidence, that Petitioner did [n]ot have an "understanding" of the law in relation to the facts of the offense. See, McCarthy, 394 U.S. at 466; that, had the trial judge [p]roperly informed Petitioner according to Rule 11(c)(1) plea colloquy; that [k]nowledge coupled with his comprehension of the [f]ull, and correct information, would have [indeed] affected his willingness not to plead guilty. U.S. v. Johnson, 1 F.3d at 302.

The Court must, enter alia, find that the guilty plea was not knowingly, intelligently, and voluntary choice among the alternative course(s) of action open to him. See North Carolina v. Alfred, 400 U.S. 25, 31, 91 S.Ct. 160 (1970); and that petitioner's [l]ack of understanding of the law, renders his plea void, and violates Due Process. See U.S. v. Ranch, 709 F.2d 889, 894 N. 7 (5th Cir.).

## Arguments And Authorities

- Insufficient Factual Basis For Guilty Plea:

Before [a]ccepting the defendant's plea, the [C]ourt [m]ust determine that there [i]s a "factual basis" for the plea. See Fed.R.Crim.Proc. 11(b)(3). The factual basis requirement [p]rotects a defendant from pleading [v]oluntarily

guilty "without" realizing that his conduct [is not] [a]ctually with[in] the charge. See e.g., U.S. v. Ventura-Cruel, 356 F.3d 55, 61 (1st Cir. 2003); U.S. v. Thomas, 367 F.3d 194, 199 (4th Cir. 2004); U.S. v. Johnson, 246 F.3d 749, 752 (5th Cir. 2001). For a similar requirement, see, Mich.Stat.Ann. §28.1058 (1954); Mich.Supp.Ct. Rule 35A; In re Valle, 364 Mich. 471, 110 N.W.2d 673 (1961); People v. Barros, 358 Mich. 267, 99 N.W.2d 347 (1959); People v. Bumpas, 355 Mich. 374, 94 N.W.2d 854 (1959); People v. Coates, 337 Mich. 56, 59 N.W.2d 83 (1953). See also, Stinson v. U.S., 316 F.2d 554 (5th Cir. 1963).

Moreover, the factual basis [m]ust be [e]vident in the [record], and [m]ust be [s]ufficient[ly] specific to allow the court to determine, whether the Petitioner's conduct was within the [a]mbit of the statutes prohibition. See, Carter, 117 F.3d 262, 264 (5th Cir. 1997). The reviewing court [s]hould conclude, [a]fter making a proper [a]ssessment of Petitioner's claim(s), that he was prejudiced, and [i]s entitled to habeas corpus relief. First, the factual basis for his guilty plea to Count Two, Paragraph Three. See, [Exhibit C, Page 6, Lines 13-15][Exhibit C, Page 7, Lines 4-10]. Consisted of nothing more than an allegedly judicial confession to an offense that the court failed to explain. See, [Exhibit C, Page 8]. Also, Fed.R.Crim.Proc. Rule 11, now makes it clear that the sentencing judge [m]ust develope, ["on the record"], the factual basis for the plea, as, for example, by having the Petitioner describe the conduct that gave rise to the charge. This is the position of the ABA Standards related to Pleas of Guilty. See §1.6 (Approved Draft, 1968). The court should further conclude that Petitioner was prejudiced because there was no factual basis for Petitioner's guilty plea, and that, it was only through the reading of a detailed charge, and Petitioner's knowing and voluntary admission, that would have served as a factual basis. See, U.S. v. Andrades, 169 F.3d

131, 136 (2nd Cir. 1999); U.S. v. Keiswetter, 860 F.2d 992, 996-98 (10th Cir. 1998)(en banc); See also, U.S. v. Gobert, 139 F.3d at 439; Carter, 117 F.3d 262, 264 (5th Cir. 1997).

### Arguments And Authorities

- Lesser-Included Offense:

As a consequence of [Blockburger], double jeopardy bans successive prosecutions for greater, and lesser-included offenses. See, Rutledge v. U.S., 517 U.S. 292 (1996); See also, Brown v. Ohio, 432 U.S. 161, 169 (1977). To determine what [m]ay be a lesser-included offense, courts focus on the [s]tatutory [e]lement(s) of the offenses. See, Carter v. U.S., 530 U.S. 255, 257-261 (2000). Upon review, the examining court should find that the State violated/breached its agreement, where the prosecution/state agreed to a lesser-included offense, but instead sentenced Petitioner under Texas Penal Code §19.02(b), but provided a Paragraph that included [e]lements of Capital Murder. See, Texas Penal Code §19.03(a)(2). See also, [Exhibit A, Count Two, Paragraph Three].

Moreover, had the State [a]ctual[ly] intended to sentence Petitioner to a [l]esser-included offense, without resubmitting the issue to the Grand Jury, the State could have sentenced Petitioner under Texas Penal Code §19.01 (a), in which the offense [would not] remain in the Capital statute. See, Texas Penal Code §19.01(a). Petitioner entered a plea under the assumption that the State would sentence him (under agreement) to a lesser-included offense. See, [Exhibit(s) (D), and (E)]. It's failure violates the mandate of Rule 11(c)(1)(A), that the State [w]ill "not bring" other charges. See also, Advisory Committee Notes 2002; Amendments Rule 11(c)(1)(A).

In conclusion, the reviewing court should find that the State breached its agreement, where Petitioner reasonably understood prosecutor's promises as part of the bargain to waive remainding charges and sentence, those prom-

ises prompted Petitioner to accept the agreement. See, <u>Brown v. Pool</u>, 337 F.3d 1155, 1159 (9th Cir. 2003). [A]ny ambiguity must be construed against the State. See, <u>U.S. v. Melton</u>, 930 F.2d 1096, 1097-98 (5th Cir.); <u>U.S. v. Gonzalez</u>, 309 F.3d 882, 886 (5th Cir. 2002); <u>U.S. v. Rourke</u>, 74 F.3d 802, 805 (7th Cir.); <u>U.S. v. Andis</u>, 333 F.3d 886, 890 (8th Cir. 2003); See also, <u>U.S. v. Guzman</u>, 318 F.3d 1191, 1195 (10th Cir. 2003); <u>U.S. v. Nyhuis</u>, 8 F.3d 731, 741 (11th Cir.). Court's are required, and [w]ill set aside a plea of guilty on collateral attack, [o]nly, if doing so is necessary to correct a miscarriage of justice. See, <u>Fed.R.Crim.Proc. 11(e)</u>. See e.g., <u>U.S. v. Abenathy</u>, 83 F.3d 17, 19 (1st Cir.); <u>U.S. v. Gobert</u>, 139 F.3d 436, 438-39 (5th Cir. 1998). Finally, although federal court's may not decide on an initial remedy, it [m]ay enforce constitutional guarantees. See, <u>Santobello v. N.Y.</u>, 404 U.S. 257, 262-63 (1971).

Arguments And Authorities

• <u>Ineffective Assistance Of Counsel</u>:

The right to counsel is right to [e]ffective assistance of counsel. See, <u>McMann v. Richardson</u>, 397 U.S. 759, 771 N. 4 (1970), both, retained and appointed. See, <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 344-45 (1980). The reviewing court should find, upon examination, that trial counsel's failure to challenge counts [a]gainst Petitioner as multiplicitous, was ineffective assistance, because it was not based on reasoned tactical decision. <u>U.S. v. Weathers</u>, 493 F.3d 229, 237 (D.C. Cir. 2007). The Court should find that counsel failed to file timely motions to dismiss multiplicitous indictment. "Pretrial" was prejudicial and fell below prevailing professional norms. <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 385, 106 S.Ct. 2574 (1986).

Ultimately, trial counsel's complete failure to conduct pretrial preparation was not a strategic decision. An evidentiary hearing [i]s needed to determine if pretrial motion's failure would have resulted in a lesser-includ-

ed degree of murder. See, Turner v. Duncan, 158 F.3d 449 (9th Cir. 1998). Moreover, counsel's ignorance of mandatory minimum sentencing range in guilty plea context was prejudicial. See, U.S. v. Granados, 168 F.3d 343, 346. Because counsel's errors resulted in an additional 30 year sentence, when, under Rule 11, the mandatory minimum would have been 5 years, for a lesser-included offense. See, Texas Penal Code §19.01.

## Arguments And Authorities

- Isufficient Evidence/Proof Issues/Deadly Weapon/Reasonable Doubt.

When the Due Process Clause of the 5th Amendment, the prosecutor [i]s required to prove beyond [a] reasonable doubt, [e]very [element] of the crime with which a defendant is charged. See, In re Winship, 397 U.S. 358, 364 (1970); See also, Fione v. White, 534 U.S. 225, 228-29 (2001). The reasonable doubt standard [a]pplies in both, State and Federal proceedings. See, Sullivan v. La, 508 U.S. 275, 278 (1993). First, it protects the defendant's liberty interest. See , 397 U.S. at 363. Second, it protects the defendant from the "stimma" of conviction. See Id. And finally, it serves to engender community confidence in the criminal law by giving "concrete substance" to the presumption of [innocence]. Id at 363-64. In doing so, the court should find that the [e]vidence relied upon the state, was [i]nsufficient, and did not prove beyond a reasonable doubt, that Petitioner used/ and or exhibited a "deadly weapon" to wit; a knife. See, [Exhibit A, Page Two]; [Count Three, Paragraph Two; and Paragraph Two of Count Four]. See also, Deadly Weapon Finding Notice; Texas Penal Code §1.07(a)(17)(A).

Nonetheless, the 5th Circuit standard of review for an [i]nsufficient evidence claim is, whether, [a]fter reviewing the evidence in the light most favorable to the prosecution, [a]ny rational trier of fact could have found [t]he [e]ssential [elements] of the crime, beyond a reasonable doubt. See, Jackson v. Virginia, 443 U.S. at 319, 99 S.Ct. 2781. In [a]pply[ing]

this standard, a federal habeas court refers to the [S]tate's "Criminal Law" for the substantial elements of the offense. See, Hughes v. Johnson, 191 F.3d at 619. See also, Texas Penal Code §1.07(a)(17)(A) ["deadly Weapon"].

Alternatively, the (Winship) requirement, (al-teridem) [a]pplies to elements that distinguish criminal from non-criminal conduct. Id at 319. Thus, it [i]s [a]xiomatic that a conviction upon a [c]harge (by cutting and stabbing with a deadly weapon; a knife) not made. See, [Exhibit A, Page Two, Paragraph Two of Count Three][Exhibit A, Page Two, Paragraph Two of Count Four]. Or, upon a charge not tried constitutes a denial of due process. See, Cole v. Arkansas, 333 U.S. 196, 201, 68 S.Ct. 514; Presnell v. Georgia, 439 U.S. 14, 99 S.Ct. 235. As such, it has traditionally been deemed to require reversal in federal proceedings. See, Glasser v. U.S., 315 U.S. 60, 80, 62 S.Ct. 457; Bronston v. U.S., 409 U.S. 352, 93 S.Ct. 595. See also, e.g., Curley v. U.S., 81 U.S. App. D.C. 389, 392-93, 160 F.2d 229, 232-33. Pointedly, under Winship, which [e]stablished [proof] beyond a reasonable doubt, as [a]n "essential" of the 14th Amendment Due Process, it follows that when such a conviction [o]ccur(s) in a [S]tate trial, it (the conviction) cannot [c]onstitutionally stand. See, U.S. v. Monillo, 158 F.3d 18, 25 (1st Cir. 1998); U.S. v. Jackson, 368 F.3d 59, 61-62 (2nd Cir. 2004); U.S. v. Jenkins, 90 F.3d 814, 820-21 (3rd Cir. 1996); U.S. v. Ismail, 97 F.3d 50, 54 (4th Cir. 1996); U.S. v. Peters, 15 F.3d 540, 544 (6th Cir. 1994).

The court failed to prove beyond a reasonable doubt, that a knife [i]s (as defined by Texas Penal Code §1.07(a)(17)(A)) a deadly weapon, was "insufficient evidence" of a use or exhibition of a deadly weapons finding. See, Texas Penal Code §1.07(a)(17)(A). Such failure requires reversal of conviction. See, Piaskowski v. Bett, 256 F.3d 687, 693 (7th Cir. 2001); U.S. v. Delpit, 94 F.3d 1134, 1148 (8th Cir.); U.S. v. Corral-Gastelum, 240

F.3d 1181, 1184-85 (9th Cir. 2001); U.S. v. Jones, 44 F.3d 860, 865 (10th Cir.); U.S. v. Stanley, 24 F.3d 1314, 1321 (11th Cir.); See also, U.S. v. Spinner, 152 F.3d 950, 957 (D.C. Cir. 1998).

## Evidentiary Hearing

Based upon the foregoings, the Supreme Court has decided [w]hen a [f]ederal habeas corpus court [i]s to hold its own hearing on a [c]onstitutional claim. See, Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397 (1953). Roughly speaking, the Court concluded that, ["if] there were [un]usual circumstance(s), or a [v]ital 'flaw' in the State court process, a federal hearing was/is required." See, 17A Charles Allen Wright et, al. Federal Practices and Procedures §4665 (2nd Ed. 1988 and Supp. 2001). Yet, the court sought to clarify matters in the 1963 case of, Townsend v. Sain, 372 U.S. 243, 83 S.Ct. 745 (1963). In Townsend, the court [u]nanimously held that [w]hen even a habeas [a]pplicant allege facts that, [i]f proved would [e]ntitle him to relief, it [i]s the duty of the court to provide the [n]ecessary facilities and procedures for an [a]dequate inquiry. Harris v. Nelson, 394 U.S. at 300, 89 S.Ct. at 1091; See also, Reed v. Quarterman, 504 F.3d at 471.

Moreover, and to the extent (Townsend) is still good law, the State's breach of its agreement entitles Petitioner to an evidentiary hearing. See Blackledge v. Allen, 431 U.S. 63, 76, 80-82 (1977), if Rule 11 colloquy fails to ensure the [v]oluntariness of the plea. See U.S. v. White, 366 F.3d 291, 297-98 (4th Cir. 2004); U.S. v. Watson, 988 F.2d 544, 551-52 (5th Cir.). Question on whether State breached its agreement is reviewed de novo. See U.S. v. Saling, 205 F.3d 764, 766 (5th Cir. 2000); courts failure to provide adequate Rule 11 colloquy is reviewed under plain error. See, U.S. v. Arellano-Gallegos, 351 F.3d 966, 967 (9th Cir. 2003); U.S. v. Hernandez-Fraire, 208 F.3d 945, 951 (11th Cir. 2000); See also, U.S. v. Blackwell, 199 F.3d 623, 625-26 (2nd Cir. 1999).

## Prayer

Wherefore, Premises Considered, and the Due Process, and Due Course of Law Provision(s) of the United States Constitution, Petitioner submits this prayer. That the reviewing court Order an evidentiary hearing; finding from the pleading(s) and pertinent records; that trial court failed to inform him of mandatory minimum sentence is reversible error. See, U.S. v. Fernandez, 205 F.3d 1020; U.S. v. Coscanelli, 105 F.3d 984 (5th Cir. 1997); See also, U.S. v. Siegel, 102 F.3d 477 (11th Cir.).

The court's failure to determine that Petitioner understood the nature of the charged offense, is an invalid plea. See, U.S. v. Medina-Silverio, 30 F.3d 1, 3 (1st Cir.); U.S. v. Blackwell, 199 F.3d 623 (2nd Cir.); See also, U.S. v. Suarez, 155 F.3d 521 (5th Cir. 1998); Nevarez-Diaz v. U.S., 870 F.2d 417 (7th Cir.).

The court's failure to describe elements of charge. U.S. v. Dewalt, 92 F.3d 1209 (D.C. Cir.) and failure to mention weapon charge. Id.

The court's failure to specify whether it would dismiss remaining charges as part of plea [a]greement, was ambiguous. However, if Rule 11 colloquy fails to ensure voluntariness of plea, Petitioner [i]s entitled to an evidentiary hearing to determine whether State breached promise not contained in agreement. U.S. v. white, 366 F.3d 291; U.S. v. watson, 988 F.2d 544 (5th Cir.); See also, Blackledge v. Allison, 431 U.S. 63, 76, 80-82 (1977). Comity and federalism requires adjudicating Petitioner's claim(s) on there merit(s).

## Acknowledgment

I, Jerrodrick Campbell, do hereby declare under the penalty of perjury, that the foregoing is true and correct according to my understanding.

Executed this the 15th day of April, 2021.

Certificate Of Service

I, Jerrodrick Campbell, do declare that a true and correct copy of for foregoing Application for a Federal Writ of Habeas Corpus, pursuant to 28 USC §2241, was served on the Clerk of said court, postage prepaid, certified and addressed to:

U.S. District Court
Eastern District of Texas
211 W. Ferguson St., Rm 106
Tyler, Texas 75702

/s/ *Jerrodrick Campbell*
Jerrodrick Campbell
T.D.C.J. #1635378
Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884

Jerodrick Campbell #1635378
2661 FM 2054
(Coffield Unit)
Tennessee Colony, Tx. 75884

7019 0160 0000 4123 9047
CERTIFIED MAIL

U.S. District Court for the
Eastern District of Texas, 211 W.
Tyler, Texas Ferguson St., Rm 106
Tyler, Texas 75702

POSTAGE DUE

